# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA J. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV821 CDP |
| | ) | |
| FRANCIS HOWELL HIGH SCHOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an African American, brings this action under 42 U.S.C. § 1983 for alleged false arrest, which she claims was purportedly done in violation of her rights under the Fourteenth Amendment. Named as defendants are Francis Howell School District, the Juvenile Justice Center and the St. Charles County Sheriff's Department (the "Department"). Although not specifically named in the caption of the complaint, plaintiff also makes allegations in her pleading against the following individuals: Josh Hoeing (Juvenile Officer), Dawn Hull (Juvenile Officer), Amy Johnston (Principal), Art Goebal (Principal), Brian Fisher (Science Teacher) and Jeff Warner (Dare Officer/Deputy Sheriff).

Plaintiff alleges that on April 11, 2006, she was falsely accused of, and then arrested for, dealing drugs. Plaintiff was a minor at that time, and she was arrested at her school, Francis Howell Middle School. Plaintiff claims that she was falsely accused of dealing drugs by three Caucasian school officials, Johnston, Goebal and Fisher, along with Deputy Warner. Plaintiff claims that two Caucasian students who were found with drugs at the school were not arrested; thus, plaintiff believes that her arrest was the result of race discrimination in violation of the Fourteenth Amendment. Plaintiff also believes that the arrest was done in retaliation for her complaints about Warner's prior inappropriate behavior towards her.

Plaintiff states that Warner never gave her a <u>Miranda</u> warning, and she asserts that he later made a false statement to the court that drugs found on other students belonged to her.

Plaintiff complains that Hoeing received her at the Justice Center even though he knew that the charges against her were falsified. She claims that Hoeing also sent false information about her to the courts, and she claims that defendant Hull denied her adequate medical care during her stay at the Justice Center.

Plaintiff seeks monetary relief in this action against defendants.

**Discussion**

This is not the first time plaintiff has brought this case before the Court. Upon review, the Court notes that the instant complaint contains assertions that are identical to those plaintiff set forth in six cases previously filed either by plaintiff, or on her behalf.

Plaintiff, by and through her next friend and mother Elizabeth McCray, filed lawsuits based on the April 11, 2006, events on two previous occasions in 2008. On February 1, 2008, she filed a § 1983 suit against the defendants named in this action as well as the School District, the Juvenile Justice Center, various minor children, school administrators, juvenile officers, attorneys, and judges. <u>McCray v. N.D.B.</u>, 4:08CV198 CDP (E.D. Mo.). The Court dismissed that case without prejudice on March 7, 2008,

because the complaint did not comply with this Court's local rules or the Federal Rules of Civil Procedure.

On August 8, 2008, plaintiff filed a § 1983 suit against the School District, the St. Charles County Sheriff, and the Juvenile Justice Center. B.J.G. v. Francis Howell School Dist., 4:08CV1178 CDP (E.D. Mo.). On May 6, 2010, the Court dismissed that case with prejudice after finding that the School District and the Juvenile Justice Center were not proper defendants and, additionally, that the complaint failed to state a claim against the Sheriff. The Eighth Circuit Court of Appeals subsequently affirmed this Court's ruling. B.J.G. v. St. Charles County Sheriff, No. 10-2060, slip op. (8th Cir. Nov. 9, 2010).

Additionally, on November 9, 2011, plaintiff filed three separate lawsuits based on the April 11, 2006, events. In Griffin v. Francis Howell School Dist., 4:11CV1966 CDP (E.D. Mo.), plaintiff brought suit against the School District and three school officials for their alleged role in her detention. In Griffin v. St. Charles County Sheriff's Dept., 4:11CV1967 CDP (E.D. Mo.), she brought suit against the Sheriff's Department and a Deputy Sheriff for their part in the alleged events. And in Griffin v. Juvenile Justice Center, 4:11CV1968 CDP (E.D. Mo.), plaintiff brought suit against the Justice Center and two of its employees for their part. All three cases were dismissed by this

Court as legally frivolous and/or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) on January 19, 2012.

The named defendants in the instant case are identical to those named in the last three cases filed by plaintiff, which this Court dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). As such, the instant complaint will be dismissed as frivolous and/or for failure to state a claim under § 1915(e)(2)(B). See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir.1993) (noting that a § 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of September, 2012.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE